Fernandez v. Colvin

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fifteen.

PRESENT:   RALPH K. WINTER,
                     JOHN M. WALKER, JR.,
                     REENA RAGGI,
                               *Circuit Judges.*
-----------------------------------------------------------------------
HATTIE FERNANDEZ,
                     *Plaintiff-Appellant*,

                     v.

                                                            No. 14-1721-cv

CAROLYN W. COLVIN,
                     *Defendant-Appellee*.
-----------------------------------------------------------------------
FOR APPELLANT:                        Hattie Fernandez, <u>pro se</u>, Bronx, New York.

FOR APPELLEE:                         Peter Aronoff, Benjamin H. Torrance, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 26, 2014, is AFFIRMED.

Plaintiff Hattie Fernandez, proceeding <u>pro se</u>, challenges the district court's affirmance of the Commissioner of Social Security's denial of her application for disability benefits. We review the administrative record <u>de novo</u>, but we will set aside the agency decision "only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." <u>Burgess v. Astrue</u>, 537 F.3d 117, 127 (2d Cir. 2008) (citation and internal quotation marks omitted). We have defined "substantial evidence" as more than a "mere scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Selian v. Astrue</u>, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). Under that standard, "once an [administrative law judge] finds facts, we can reject those facts only if a reasonable factfinder would have to conclude otherwise." <u>Brault v. Soc. Sec. Admin., Comm'r</u>, 683 F.3d 443, 448 (2d Cir. 2012) (emphasis and internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Here, an independent review of the record and relevant case law reveals that the administrative law judge's decision was legally correct and supported by substantial evidence. We affirm substantially for the reasons stated by the district court in its thorough March 21, 2014 decision.

We have considered all of Fernandez's arguments and find them to be without

merit.    Accordingly, we AFFIRM the judgment of the district court.

        FOR THE COURT:
        CATHERINE O'HAGAN WOLFE, Clerk of Court